UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERMAN ANTHONY WALLACE,

    Petitioner,

v.                                      Case No. 8:09-cv-538-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                      /

**O R D E R**

Wallace petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for first-degree murder. Although the murder charge was tried as a death penalty case, the jury recommended a sentence of life without the possibility of parole, which is the sentence Wallace serves. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 9) The respondent admits the petition's timeliness. (Response, Doc. 9 at 5) The petition is construed to allege a claim of ineffective assistance of counsel.[1] Specifically, Wallace's petition is construed to assert that, because the indictment charges Wallace with only

---

[1] Although the petition specifically asserts a single claim of ineffective assistance of counsel, the respondent correctly recognizes that, liberally construed, the petition asserts several exhausted claims of ineffective assistance of counsel that are based on the same facts. Because the claims are so intertwined, the claims are addressed together.

premeditated murder and not with felony murder, counsel was ineffective when counsel failed to challenge the verdict, which is based on felony murder and not based on premeditated murder.

## **FACTS**[2]

Herman Wallace and Artavia Lee plotted the robbery of Donald Colston, who was an acquaintance of Lee. In the early morning hours of January 19, 2004, Wallace and Lee went to the victim's residence. Lee knocked on the victim's door and, when the victim opened the door, Wallace jumped in front of Lee and pointed a gun at the victim. When the victim resisted the robbery and reached for the gun, Wallace shot the victim in the groin and perforated the victim's femoral artery. Wallace claimed that no shooting would have occurred if the victim had not resisted the robbery.

Wallace entered the house and stole two watches. Leaving a trail of blood that led to a neighbor's porch, the victim yelled for assistance, collapsed, and left a pool of arterial blood on the porch. Emergency responders arrived and transported the victim to the emergency room, in which he died as a result of the gunshot wound. Wallace was apprehended in about three weeks after leading police on a high-speed chase, abandoning his car, and hiding in the crawl space under a house.

---

[2] This summary of the facts derives from Wallace's brief on direct appeal. (Respondent's Exhibit 1 at 2-3)

# **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S.

\_\_\_\_, 130 S. Ct. 1855, 1866 (2010). *See also Cullen v. Pinholster*, \_\_\_ U.S. \_\_\_, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Wallace's conviction and sentence. (Respondent's Exhibit 7) Similarly, in another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Wallace's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 17) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted

> in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Wallace bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Wallace's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 10)

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Wallace claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*,

> first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Wallace must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment." 466 U.S. at 691-92. To meet this burden, Wallace must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Wallace cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Wallace must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In determining "reasonableness," a federal petition for the writ of habeas corpus permits an independent assessment of "whether the state habeas court was objectively reasonable in its *Strickland* inquiry" but not an independent assessment of whether counsel's actions were reasonable. *Putnam v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Although the state court's order omits citing *Strickland* as the standard for an ineffective assistance of counsel claim, no explicit citation is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is

consistent with the precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y of Dep't of Corr.*, 331 F.3d 764, 775-86 (11th Cir. 2003). In Florida, *Strickland* governs an ineffective assistance of counsel claim. *Walls v. State*, 926 So.2d 1156 (Fla. 2006). The state post-conviction court analyzed Wallace's ineffective assistance of counsel claims consistent with *Strickland*. Consequently, Wallace must show that the state court's ruling was either an unreasonable application of *Strickland*'s principle or an unreasonable determination of the facts. The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

## **MERITS**

Wallace contends that, although the indictment charges him with premeditated murder, the jury returned a verdict specifically finding him guilty of felony murder. (Respondent's Exhibit 21, vol. I at 3 and 109, respectively) Wallace also challenges the verdict's failure to specify whether the jury found him guilty of robbery or burglary. Finally, Wallace argues that his rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), were violated because the verdict fails to specifically find him guilty of either robbery or burglary. Wallace alleges that counsel rendered ineffective assistance by not moving to dismiss the indictment and not objecting to the verdict. The post-conviction court rejected Wallace's claim as follows (Respondent's Exhibit 10 at 1):

In the instant motion, the Defendant argues that defense counsel was ineffective for not objecting to the elements "robbery and/or burglary" being omitted from the verdict form. This error, the Defendant contends, reduced the State's burden of proof, thereby prejudicing the outcome of his case. This claim is without merit.

The Defendant was indicted on one count of Murder in the First Degree, a Capital Felony, contrary to Fla. Stat. § 784.082(1)(a) (2004). Robbery and burglary are not elements of this offense; therefore, counsel had no basis to object to the verdict form. Consequently, counsel cannot be deemed ineffective for failing to make a baseless objection.

In response to the defense's motion for judgment of acquittal at the close of the state's case, the prosecution agreed that the evidence failed to prove premeditated murder but maintained that the evidence proved felony murder. (Respondent's Exhibit 22, vo. VI at 379) After the defense rested without presenting evidence, the trial court agreed that the jury should consider only felony murder. (Respondent's Exhibit 22, vol. VI at 381) The trial court explained to the jurors that, to find Wallace guilty of felony murder, the jurors must find that Wallace committed a robbery or burglary or attempted to commit either a robbery or a burglary. The trial court explained the elements for each. (Vol. VI at 403-09)

Wallace is correct that the indictment alleged premeditated murder and that the verdict finds him guilty of felony murder. *Williams v. State*, 967 So. 2d 735, 758-59 (Fla. 2007), *cert. denied*, 552 U.S. 1283 (2008), permits this apparent dichotomy:

> Williams is correct that the indictment charged first-degree premeditated murder, but did not reference felony murder. Nonetheless, we have stated: "It is well established that an indictment which charges premeditated murder permits the State to prosecute under both the premeditated and felony murder theories." *Parker v. State*, 904 So.2d 370,

> 382-83 (Fla. 2005). We have further held that "[t]he State need not charge felony murder in an indictment in order to prosecute a defendant under alternative theories of premeditated and felony murder when the indictment charges premeditated murder." *Kearse v. State*, 662 So.2d 677, 682 (Fla. 1995). Similarly, this Court has "repeatedly rejected claims that it is error for a trial court to allow the State to pursue a felony murder theory when the indictment gave no notice of the theory." *Gudinas[v. State],* 693 So.2d [953,] 964 [(Fla. 1997)].

*See also Hannon v. State*, 941 So. 2d 1109, 1148-49 (Fla. 2006) ("We have repeatedly held that there is no error in permitting the State to proceed on a theory of felony murder when the indictment charges the defendant with first-degree premeditated murder."); *Anderson v. State*, 841 So. 2d 390, 404 (Fla. 2003) (rejecting the defendant's argument that the trial court erred in permitting the prosecution to proceed on the theory of felony murder when the indictment only charged first-degree murder); *Knight v. State*, 338 So. 2d 201, 204 (Fla. 1976) ("We find appellant's allegation that the court erred in allowing the State to prosecute the charges [*sic*] under a theory of felony murder when the indictment charged premeditated murder to be absolutely contrary to established precedent.") (*sic* in original).

Florida law confirms that premeditated murder and felony murder are alternative means of committing a first-degree murder. *Schad v. Arizona*, 501 U.S. 624, 636-37 (1991) (plurality), instructs that a federal court is bound by the state supreme court's interpretation of state law.

> If a State's courts have determined that certain statutory alternatives are mere means of committing a single offense, rather than independent elements of the crime, we simply are not at liberty to ignore that determination and conclude that the alternatives are, in fact,

independent elements under state law. *See Mullaney v. Wilbur,* 421 U.S. 684, 690-691, 95 S. Ct. 1881, 1885-1886, 44 L. Ed. 2d 508 (1975) (declining to reexamine the Maine Supreme Judicial Court's decision that, under Maine law, all intentional or criminally reckless killings are aspects of the single crime of felonious homicide); *Murdock v. City of Memphis*, 20 Wall. 590, 22 L. Ed. 429 (1875). In the present case, for example, by determining that a general verdict as to first-degree murder is permissible under Arizona law, the Arizona Supreme Court has effectively decided that, under state law, premeditation and the commission of a felony are not independent elements of the crime, but rather are mere means of satisfying a single *mens rea* element. The issue in this case therefore is not whether "the State must be held to its choice," *post*, at 2510-2511, for the Arizona Supreme Court has authoritatively determined that the State has chosen not to treat premeditation and the commission of a felony as independent elements of the crime, but rather whether Arizona's choice is unconstitutional.

Finally, Wallace's *Apprendi* argument lacks merit because the jurors were specifically instructed that, to find him guilty of felony murder, the jurors must find that he committed a robbery, a burglary, or attempted to commit either a robbery or a burglary. Wallace presents no case holding that the omission of a specific finding in a verdict renders the murder conviction unconstitutional.

The state court's rejection of Wallace's claim of ineffective assistance of counsel is a reasonable application of *Strickland*'s governing principles because trial counsel's performance was neither deficient nor prejudicial.

Accordingly, Wallace's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Wallace and close this case.

# CERTIFICATE OF APPEALABILITY
# AND
# LEAVE TO APPEAL *IN FORMA PAUPERIS*

Wallace is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Section 2253(c)(2) limits the issuing of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Wallace must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). The petition presents no reasonably debatable issue. Finally, because Wallace is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Wallace must pay the full $455 appellate filing fee without installments unless the Circuit Court allows Wallace to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on March 23, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE